## SHERMAN MOCABEE v. STATE.

No. A-2573.   Opinion Filed September 20, 1916.

(159 Pac. 944.)

INTOXICATING LIQUORS—Offenses—Evidence—Sufficiency._ Evidence reviewed in a prosecution for unlawfully conveying intoxicating liquor, and **held** sufficient to sustain the verdict and judgment of conviction.

*Appeal from County Court, Canadian County;*
*R. B. Forrest, Judge.*

Sherman Mocabee was convicted of a violation of the prohibition law, and appeals.   Affirmed.

*J. N. Roberson,* of El Reno, for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.   The plaintiff in error, Sherman Mocabee, Amos Clark, and J. Turner were jointly charged with having unlawfully transported intoxicating liquor from one place in Canadian county to another place in said county, and upon their trial were found guilty, and the punishment of each defendant assessed at $100 fine and 60 days' confinement in the county jail. The plaintiff in error, Sherman Mocabee, alone appeals.

The proof on the part of the prosecution is that the three defendants, while driving along one of the streets of El Reno in a spring wagon loaded with a barrel of beer and two cases of whisky, were arrested by the sheriff; that the defendant Mocabee was in charge of and driving the team, and he said to the officer, "We haven't delivered it yet," and also stated that "the barrel of beer was his."   As a witness in his own behalf he testified that he borrowed the team to haul the beer and whisky for his codefendants from the express office for them, and denied any ownership therein.   His codefendants testified that they

owned the beer and whisky, and that it was a lawful purchase, and was shipped to them from Fort Worth, Texas.

The only question presented by this appeal is the sufficiency of the evidence to support the verdict.

After a careful examination of the evidence in this case, we are not prepared to say that the jury were not warranted in finding the defendants guilty. The credibility of the witnesses and the weight and value to be given their testimony is a question solely for the jury's determination, and to reverse a judgment on the ground that the verdict is contrary to law and the evidence, this court must find, as a matter of law, that the evidence is insufficient to warrant the conviction.

The instructions fully and fairly presented the law of the case, and we are unable to find any error in the record. It follows that the judgment must be, and the same is hereby, affirmed.